ABELLA *v.* THE DISTRICT COURT.

APPLICATION for a Writ of *Certiorari.*

No. 2.—Decided February 24, 1906.

APPEAL FROM DECISIONS OF MUNICIPAL COURTS.—Although there is no provision in the Code of Civil Procedure specifying the cases in which an appeal will lie from a municipal court to a district court, that omission has been cured by rule 34 of the Rules for the District Courts which provide that such an appeal lies only from final judgments rendered in civil actions.

The facts are stated in the opinion.

*Mr. Abella Bastón* for petitioner.

MR. JUSTICE HERNÁNDEZ delivered the opinion of the court.

The Registrar of Property of Caguas, Severo Abella Bastón, has made application to this Supreme Court for a writ of *certiorari* against the District Court of Humacao, on the ground that said court had dismissed an appeal which he had taken on August 4th of last year from an order entered on the same date by the Municipal Court of Caguas, denying the transfer to the Municipal Court of San Lorenzo of an action brought against him by José Barreras Padró to have said Caguas court declare the nonexistence of a bill for fees which Abella Bastón was seeking to recover from Barreras Padró in another action brought in the Municipal Court of San Lorenzo, Abella Bastón stating that the transfer prayed for was based on sections 79 and 82 of the Code of Civil Procedure on subdivisions 1, 2, and 3 of section 83 of the said Code.

The writ of *certiorari* having issued, the record received from the District Court of Humacao shows:

1. That in the action prosecuted in the Municipal Court of Caguas by José Barreras Padró against Severo Abella Bastón to secure a declaration of the nonexistence of a debt, said court, on the 14th of July of last year, overruled the exceptions taken by the defendant Abella Bastón, with the costs against him, and ordered that execution should issue against his property for the satisfaction of the judgment; and, furthermore, that the action should continue notwithstanding the appeal taken by Abella Bastón from such ruling.

2. That on the 4th of August following the defendant made a motion for a change of venue on the ground that the case was triable in the Municipal Court of San Lorenzo; which motion was overruled.

3. That on account of the appeal taken by Abella Bastón from the order denying the motion for a change of venue not having been allowed, the Humacao court issued a writ of *mandamus* to the municipal judge of San Lorenzo directing him to forward the record in the civil action brought by José Barreras Padró against Severo Abella Bastón; and a day having been set for the hearing of the matter, the Humacao

court, by decision of December 27th last, held that the order of the Municipal Court of Caguas denying motion for a change of venue to San Lorenzo was not appealable.

We do not find in the Code of Civil Procedure any provision whatsoever determining the cases in which an appeal lies from a municipal court to a district court, as section 295 of said Code treats only of the cases in which an appeal may be taken to the Supreme Court from decisions of district courts, neither said section nor any other section indicating the cases in which an appeal lies to district courts from decisions of municipal courts.

This silence of the law has been supplied by rule 34 of the Rules for District Courts, which allows such appeals only when a final judgment rendered in a civil action is involved, and provides that the action thus appealed be tried *de novo*.

We see no reason whatsoever for extending this appeal to other decisions which are not final in an action, because municipal courts are not courts of record as are the Supreme Court and the district courts, and as an appeal from a final judgment of a municipal court necessitates a new trial in the district court, the interests of the administration of justice, as well as private interests, are well served without the necessity of extending the appeal to other interlocutory orders in addition to the final judgments referred to.

For the reasons stated, the writ of *certiorari* issued should be vacated and the record received returned to the District Court of Humacao.

*Writ Annulled.*

Chief Justice Quiñones, and Justices Figueras, MacLeary and Wolf concurred.